

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00300-CV

_____

AARON KYLE DODD AND OLIVIA PEIRCE, Appellants

V.

VENUS RASULI AND NASIR RASULI, Appellees

_____

On Appeal from County Court at Law No. 2
Wise County, Texas
Trial Court No. CV-9654

_____

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellants Aaron Kyle Dodd and Olivia Peirce[1] attempt to appeal from the trial court's June 25, 2025 judgment.

A party who is not excused by statute or the rules of appellate procedure from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. Tex. R. App. P. 5. Appellants are not excused from paying costs, and they are required to pay a $205.00 filing fee.[2] *See id.*; Supreme Court of Tex., *Fees Charged in the Supreme Court, in Civil Cases in the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation*, Misc. Docket No. 15-9158 (Aug. 28, 2015) (listing courts of appeals' fees). Appellants have not paid the filing fee.

On June 27, 2025, we notified Appellants by letter that if the filing fee was not paid by July 7, 2025, the appeal could be dismissed. *See* Tex. R. App. P. 42.3(c). On July 15, 2025, we sent Appellants a second notice and warned that if the filing fee was not paid by July 25, 2025, the appeal would be dismissed. Appellants responded to our second notice and asked us to defer dismissing the appeal until the trial court had

---

[1]The spelling of Peirce's name differs between the trial court's judgment and Appellants' notice of appeal. The judgment uses "Peirce" while the notice of appeal uses "Pierce."

[2]Appellants filed an affidavit of indigency that the trial court denied on June 25, 2025.

ruled on their (1) motion to vacate or alter the judgment, (2) request for findings of fact and conclusions of law, and (3) indigency determination. We did so.

On July 30, 2025, the trial court signed an order (1) denying Appellants' motion to vacate or alter the judgment, (2) denying their request for findings of fact and conclusions of law, and (3) finding that it had already denied their affidavit of indigency. The trial court has ruled on all three of their motions, yet the filing fee still remains unpaid.[3]

Because Appellants have failed to comply with our notices requiring payment of the filing fee, we dismiss the appeal. *See id*, 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 26, 2025

---

[3]Appellants have not challenged the trial court's indigency ruling, filed another indigency affidavit, or complained to us that they are indigent.